IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                    Criminal No. 2:21-cr-20005-PKH-MEF-1

JEFFREY CALLEN GONZAGOWSKI, JR.                                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on July 6, 2023. (ECF No. 62). The Government filed its response on August 3, 2023. (ECF No. 66). Defendant filed a reply on August 10, 2023. (ECF No. 67). The matter is ready for report and recommendation.

I.    BACKGROUND

On December 9, 2020, a Criminal Complaint was filed against Defendant, Jeffrey Callen Gonzagowski, Jr. ("Gonzagowski"), alleging that in or about September 2014, in the Western District of Arkansas, Fort Smith Division, Gonzagowski did knowingly transport an individual, Jane Doe, who had not attained the age of 18 years, in interstate commerce from Arkansas to Oklahoma with intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, namely, Arkansas Code Annotated § 5-4-103(a)(3)(A), Rape, a Class Y felony, all in violation of 18 U.S.C. § 2423(a). (ECF No. 1). Gonzagowski appeared for an initial appearance on December 15, 2020, at which time the Court appointed counsel, James B. Pierce, Assistant Federal Public Defender, to represent Gonzagowski. (ECF Nos. 6, 8). Gonzagowski waived the issues of probable cause and detention, and he was ordered detained.

(ECF Nos. 6, 9). Gonzagowski later moved for reconsideration of the issue of detention (ECF No. 14), and a detention hearing was held on February 3, 2021 (ECF No. 17), at the conclusion of which the Court again ordered Gonzagowski detained (ECF No. 18).

On March 26, 2021, Gonzagowski appeared with his counsel before the undersigned for a waiver of indictment and plea to information hearing. (ECF No. 22). Gonzagowski gave his consent for a United States Magistrate Judge to take his guilty plea and waived his right to plead guilty before a United States District Judge. (*Id.*, pp. 3-4). He stated his full satisfaction with the services, advice, and counsel from his court-appointed attorney. (*Id.*, p. 6). A written Waiver of An Indictment was presented to the Court in which Gonzagowski waived his right to prosecution by indictment and consented to prosecution by information. (ECF No. 19). An Information was filed charging that in or about September 2014, in the Western District of Arkansas, Fort Smith Division, Gonzagowski did knowingly transport an individual, Jane Doe, who had not attained the age of 18 years, in interstate commerce from Arkansas to Oklahoma with intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, namely, Arkansas Code Annotated § 5-4-103(a)(3)(A), Rape, a Class Y felony, all in violation of 18 U.S.C. § 2423(a). (ECF No. 20). A written Plea Agreement was also presented to the Court, in which Gonzagowski agreed to waive indictment by a grand jury, consented to the filing of an Information charging him with one count of Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a), and he agreed to plead guilty to the Information. (ECF No. 23, ¶ 1). Finding Gonzagowski's guilty plea to be knowingly and voluntarily made and supported by an independent basis in fact containing each of the elements of the offense, the undersigned accepted Gonzagowski's guilty plea. (ECF No. 49, p. 22). A Magistrate Judge's Report and Recommendation was entered on March 26, 2021, in which the

undersigned reported that Gonzagowski was fully competent and capable of entering an informed plea; that he was aware of the nature of the charge, the applicable maximum penalties, and the consequences of a guilty plea; that he was fully satisfied with his counsel; and that the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense, and the undersigned recommended that Gonzagowski's guilty plea be accepted. (ECF No. 24).

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on May 19, 2021. (ECF No. 25). On June 2, 2021, the Government advised that it had no objections to the PSR. (ECF No. 27). Also on June 2, 2021, Gonzagowski advised that he had six objections to the initial PSR, including two that sought clarification of reported information, two that sought to correct spelling errors, an objection to the two-level enhancement under USSG §2G1.3(b)(2)(B) (for unduly influencing a minor to engage in prohibited sexual contact), and an objection to the application of the special condition set forth in Paragraph 169 (requiring Gonzagowski to submit to periodic polygraph testing). (ECF No. 28). Aside from correcting three typographical errors and clarifying that the victim impact statement was authored by the victim, the Probation Officer made no substantive changes to the final PSR based on Gonzagowski's objections; neither the two-level enhancement under USSG §2G1.3(b)(2)(B), nor the recommendation for the polygraph testing special condition, was removed from the final PSR. (ECF No. 29-1).

A final PSR was submitted to the Court on June 8, 2021. (ECF No. 29). The final PSR determined that Gonzagowski's offense called for a base offense level of 28. (*Id.*, ¶ 58). Because the offense involved a minor who was in the custody, care, or supervisory control of the Defendant, a two-level increase was assessed under USSG § 2G1.3(b)(1)(B). (*Id.*, ¶ 59). A two-level increase

was assessed under USSG §2G1.3(b)(2)(B) because Gonzagowski unduly influenced a minor to engage in prohibited sexual contact. (*Id*., ¶ 60). Another two-level increase was applied under USSG § 2G1.3(b)(4)(A) because the offense involved the commission of a sex act or sexual contact. (*Id*., ¶ 61). Finally, pursuant to USSG §§ 2G1.3(b)(A) and (B), an eight-level increase was assessed because the offense involved a minor victim who had not attained the age of 12 years. (*Id*., ¶ 62). Due to these enhancements, Gonzagowski's adjusted offense level was determined to be 42. (*Id*., ¶ 66). A five-level Chapter Four enhancement applied to raise the offense level to 47. (*Id*., ¶ 67). After a three-level reduction for acceptance of responsibility was made (reducing the total offense level to 44), the Probation Officer noted that pursuant to USSG Chapter 5, Part A, *Application Note 2*, in those rare instances where the total offense level is calculated to be greater than 43, the offense level will be treated as a level 43. (*Id*., ¶¶ 68-70). Gonzagowski's criminal history resulted in a criminal history score of one, placing him in criminal history category I. (*Id*., ¶¶ 99-100).

The statutory minimum term of imprisonment for Gonzagowski's offense is 10 years and the statutory maximum term is life. (ECF No. 29, ¶ 155). Based upon a total offense level of 43 and a criminal history category of I, Gonzagowski's advisory guidelines range was determined to be life imprisonment. (*Id*., ¶ 156).

On August 26, 2021, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation regarding Gonzagowski's guilty plea. (ECF No. 39). The Government filed its Sentencing Memorandum on the same date, in which it argued in support of the two-level increase pursuant to USSG § 2G1.3(b)(2)(B) (because Gonzagowski unduly influenced a minor to engage in prohibited sexual conduct), and it requested the imposition of a life sentence. (ECF No. 40) (Under Seal). Gonzagowski's counsel filed a Sentencing Memorandum on August 27, 2021.

4

(ECF No. 41). He maintained his PSR objections to the two-level increase for unduly influencing a minor to engage in prohibited sexual conduct and to the recommendation for polygraph testing while on supervised release, and he argued that a sentence of 180 months was an appropriate sentence given the nature and circumstances of his offense and his history and characteristics. (*Id.*).

Due to the COVID-19 pandemic, Gonzagowski appeared by video conference for his sentencing on September 16, 2021. (ECF Nos. 46, 50). He again expressed satisfaction with the counsel, representation, and advice received from his counsel. (ECF No. 50, p. 4). He acknowledged reviewing the PSR and the revisions made in the final PSR. (*Id.*, p. 5). The Court noted that revisions to the PSR had been made in response to four of Gonzagowski's PSR objections, and only two objections remained for the Court's consideration. (*Id.*). Referring to the Application Note to USSG § 2G1.3(b)(2)(B), and because Gonzagowski was at least 10 years older than the minor victim (he was approximately 25 years older than the minor victim), the Court found that the rebuttable presumption in favor of application of the enhancement applied, that Gonzagowski failed to rebut the presumption, and the Court overruled his objection to the two-level increase. (*Id.*, pp. 6-7). As any requested special conditions of supervised release are just recommendations, the Court noted it would allow Gonzagowski's counsel to make argument on the issue, but otherwise no ruling on the objection was required. (*Id.*, p. 7). The Court adopted the final PSR as filed.[1]

The statutory penalties were set forth, including a mandatory minimum sentence of 10 years and a maximum term of life. (ECF No. 50, p. 8). The Court reviewed the guidelines

---

1 The Court did direct that a typographical error in Paragraph 67 be corrected.

calculation in the PSR.  (*Id*., pp. 8-9).  The Government moved to award Gonzagowski a third point for acceptance of responsibility, and the Court granted the motion.  (*Id*., pp. 9-10).  After all the adjustments, the Court noted Gonzagowski's total offense level to be 44, and since that was greater than 43, it was treated as if it were level 43.  (*Id*., p. 10).  The Court found that a total offense level of 43, together with a category I criminal history, resulted in an advisory guidelines range of life imprisonment.  (*Id*.).  The Court then generally noted the sentencing factors set forth in 18 U.S.C. § 3553(a), and it acknowledged reviewing the parties' respective sentencing memoranda and letters offered in Gonzagowski's support.  (*Id*., pp. 10-11).

Gonzagowski's victim then presented her victim impact statement regarding the sexual assault and rape that occurred to her over a period of years.  (ECF No. 50, pp. 11-15).  The Government recommended imposing a life sentence.  (*Id*., pp. 15-18).  Mr. Pierce addressed Gonzagowski's history and characteristics, including his own history of being a sexual abuse victim as a child, as well as head injuries from a motorcycle accident and his honorable military service, and he argued that a sentence of 15 years would be sufficient but not greater than necessary to serve the purposes of sentencing.  (*Id*., pp. 18-26).  Exercising his right to allocution, Gonzagowski apologized to the victim and her family, to the Court, and he expressed a desire for help.  (*Id*., p. 27).

The Court first addressed the 18 U.S.C. § 3553(a) sentencing factors, stating that "probably the most troubling thing about the offense conduct is the period of time in which it occurred as well as the age of the victim" and "it was really very egregious offense conduct."  (ECF No. 50, pp. 34-35).  The Court noted that Gonzagowski was receiving treatment at the VA for PTSD and other mental disorders, but he apparently never addressed "these issues" and continued the sexual abuse, so while defense counsel used his history and characteristics to explain his behavior, "it's

6

no excuse for his behavior at all." (*Id.*, pp. 35-36). The Court concluded, however, that a downward variance was appropriate to avoid unwarranted sentencing disparities, and a sentence of 360 months imprisonment was imposed, along with supervised release for 10 years following release from prison, payment of $5,968.98 in restitution, no fine, and a $100.00 special assessment. (*Id.*, pp. 37-39). The Court declined to impose polygraph testing as a special condition of supervised release. (*Id.*, p. 37).

Judgment was entered by the Court on September 20, 2021. (ECF No. 47). Gonzagowski pursued a direct appeal, his counsel arguing in an *Anders*[2] brief that the Court imposed a substantively unreasonable sentence. (ECF No. 59-2, p. 1). In a *pro se* supplemental brief, Gonzagowski argued that his guilty plea was not knowing and voluntary, that there was not a sufficient factual basis to support his guilty plea, and that comments made by the Court at sentencing showed bias. (*Id.*, p. 2). In an Opinion issued on April 15, 2022, the Court of Appeals for the Eighth Circuit affirmed Gonzagowski's conviction and sentence. (ECF Nos. 59-1, 59-2).

Gonzagowski timely filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion") on July 6, 2023, along with a Memorandum of Law and a Declaration. (ECF Nos. 62, 62-1, 62-2). The motion asserts one ground for relief: ineffective assistance of counsel in the plea process "for failing to advise him of the scienter requirement to be convicted of an offense under 18 U.S.C. § 2423(a)." (ECF Nos. 62, p. 4; 62-1, pp. 4-6). Gonzagowski claims that if defense counsel had advised him that sexual activity which is "merely incidental to the trip" does not constitute the requisite intent to support a conviction under 18 U.S.C. § 2423(a), he would not have pleaded guilty and would have proceeded on to trial. (ECF No. 62-1, pp. 4-6).

---

2 *See Anders v. California*, 386 U.S. 738 (1967).

The United States' response in opposition to the motion was filed on August 3, 2023. (ECF No. 66). Gonzagowski filed a reply on August 10, 2023. (ECF No. 67).

## II. DISCUSSION

"A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Gonzagowski's motion and the files and records of this case conclusively shows that he is not entitled to habeas relief, and the undersigned recommends the dismissal of his § 2255 motion with prejudice.

### A. Legal Standard for Ineffective Assistance of Counsel Claims

To prove a claim of ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is highly deferential, and there is a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Courts also "do not use hindsight to question counsel's performance," but instead must analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991). If one fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance of counsel claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The United States Supreme Court has clarified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

### B.   Claims Decided Adversely on Appeal

As an initial matter, the Government contends that to the extent Gonzagowski realleges his claim made on direct appeal by recasting it as an ineffective assistance of counsel claim, he is barred from relitigating his claim on collateral review. (ECF No. 66, pp. 4-6). Gonzagowski acknowledges he argued that there was an insufficient factual basis to support the intent required under 18 U.S.C. § 2423(a) in his *pro se* supplemental brief on direct appeal, but he states that the question of whether he was properly advised of the advantages and disadvantages of pleading guilty by defense counsel did not arise on appeal. (ECF No. 62-1, p. 6). Gonzagowski litigated

9

the sufficiency of the evidence regarding intent to support a conviction under § 2423(a) in his direct appeal, and the issue was decided against him. He may not relitigate the issue in this § 2255 proceeding in the garb of ineffective assistance of counsel.

As previously stated, Gonzagowski's appellate counsel filed an *Anders* brief arguing that the sentence imposed was substantively unreasonable. (ECF No. 59-2, p. 1). In his *pro se* supplemental brief to the Eighth Circuit, Gonzagowski raised three issues, two of which related to the intent required to support a conviction under § 2423(a). (Eighth Circuit No. 21-3212, Supplemental Brief, filed February 14, 2022). He first asserted that his "plea was not knowing and voluntary and must be vacated." (*Id*., p. 3). Stating that a guilty plea must be made with "sufficient awareness of the relevant circumstances and likely consequences," Gonzagowski argued that this Court "failed to adequately explain the 'intent' element" required to support a conviction under § 2423(a). (*Id*., pp. 3-4). He further asserted that "outside of the signed plea agreement there was no evidence of intent." (*Id*., p. 5). In a related point, Gonzagowski argued that this Court committed procedural error when it accepted his guilty plea. (*Id*., pp. 5-8). He asserted that the plea agreement, and his admissions therein, "are totally insufficient as to this issue [i.e., intent], as they are too ambiguous on the key element." (*Id*., p. 6). He stated that his admission in the plea agreement "does not conclusively establish any intention(s) whatsoever in connection to the charged offense," and that "the record is absolutely silent on the issue of 'intent.'" (*Id*., pp. 6-7). His supplemental brief makes clear that he argued the issue of the requisite intent needed to support a conviction under § 2423(a) on direct appeal, and that he faulted the Court for failing to advise him on the issue.

In its Opinion, the Eighth Circuit rejected Gonzagowski's *pro se* arguments, finding that his guilty plea was knowing and voluntary, and that there was a sufficient factual basis for it. (ECF

10

No. 59-2, p. 2).

Gonzagowski has already litigated on direct appeal whether his guilty plea was knowing and voluntary because of the Court's alleged failure to inform him of the intent element necessary to support a conviction under § 2423(a). The Eighth Circuit ruled against him. Now he claims it was his attorney's failure to advise him of the intent element necessary to support a conviction under § 2423(a). This presents the same underlying legal issue – whether his guilty plea was knowing and voluntary – that was decided adversely to him on direct appeal. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2855." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)). *See also: United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) ("we find the present claim to be the same claim in different clothes, and we will not reconsider the issue on collateral review"); *Withrow v. Williams*, 507 U.S. 680, 721 (1993) (Scalia, J., concurring opinion) ("[s]ince *Kaufman*[3] federal courts have uniformly held that, absent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal"); *Loc Huu Bui v. United States*, 2014 WL 582954, at p. 8 (E.D.N.C. 2014) ("a petitioner may not circumvent an adverse ruling on direct appeal by recasting it as an ineffective assistance of counsel claim"); and, *Dowdell v. United States*, 859 F.Supp.2d 176, 179 (D.Mass. 2012) ("[i]t is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in 'ineffective assistance of counsel' garb in a § 2255 petition").

Because Gonzagowski litigated this issue on direct appeal and lost, he is now barred from raising it again as an ineffective assistance of counsel claim in this § 2255 proceeding.

---

3 *Kaufman v. United States*, 394 U.S. 217 (1969).

11

Even if the Court were to find that the precise issue was not decided against him on direct appeal, his claim lacks merit and should be dismissed.

### C. Ineffective Assistance of Counsel in the Plea Process

Gonzagowski claims his counsel "was ineffective for failing to advise him of the scienter requirement to be convicted of an offense under 18 U.S.C. § 2423(a)," and that had he "been properly advised of Eighth Circuit caselaw on intent as it relates to § 2423(a) … he would not have pled guilty under the plea agreement and would have proceeded to trial instead." (ECF No. 62-1, p. 4).

Gonzagowski waived indictment by a grand jury, consented to the filing of an Information charging him with one count of Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a), and he pleaded guilty to that offense. When a guilty plea is entered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the guilty plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). As the Court in *Tollett* explained:

> ". . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *He may only attack the voluntary and intelligent character of the guilty plea* by showing that the advice he received from counsel was not within the standards set forth in *McMann*.[4]
>
> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable

---

[4] *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

12

>constitutional plea in abatement he might have to the charge . . . And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, (internal citation omitted) it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings." *Id*. at 267. (Emphasis added.)

The rationale and ruling of *Tollett*, while a decision concerning a state prisoner's habeas claims, has been adopted by the Eighth Circuit for application to motions made by federal prisoners under 28 U.S.C. § 2255. *Bass*, 739 F.2d at 406.

The standard for determining the validity of a guilty plea remains whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), *Machibroda v. United States*, 368 U.S. 487, 493 (1962), and *Kercheval v. United States*, 274 U.S. 220, 223 (1927)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). A defendant has a heavy burden to overcome those admissions and show that the guilty plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74 (1977).

Gonzagowski was represented by an experienced Assistant Federal Public Defender, James B. Pierce. (ECF Nos. 6, 8). AFPD Pierce negotiated a plea agreement with the Assistant United States Attorney prosecuting the case, and he carefully reviewed the plea agreement with Gonzagowski. (ECF No. 23, ¶ 30). The written Plea Agreement informed Gonzagowski of the charge to which he agreed to plead guilty, one count of Interstate Transportation of a Minor with

13

Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a). (*Id*., ¶ 1). Gonzagowski acknowledged that he had fully discussed with his counsel the facts of the case and the elements of the crimes to which he was pleading guilty; he agreed that he had committed each of the elements of the crime to which he was pleading guilty; and he admitted the factual basis for the plea. (*Id*., ¶ 4). Specifically, he stipulated and agreed that he transported the minor victim in interstate commerce from Mount Ida, Arkansas, to the State of Oklahoma in September 2014 *with intent to engage in sexual activity with the victim* who was then under the age of 18, and that he did engage in deviate sexual activity with the victim in Oklahoma. (*Id*., ¶ 4(f)) (emphasis added).

The Plea Agreement advised Gonzagowski of his constitutional and statutory rights, including the right to persist in a plea of not guilty; and it informed him of the maximum penalties, including a mandatory minimum term of imprisonment for 10 years and a maximum term of imprisonment for life. (ECF No. 23, ¶¶ 5, 11). By signing the Plea Agreement, Gonzagowski acknowledged he had read the Plea Agreement and carefully reviewed every part of it with his counsel; that he fully understood the Plea Agreement; that no promises, agreements, understandings, or conditions had been made except those set out in the Plea Agreement; that he was satisfied with the legal services provided by defense counsel in connection with the Plea Agreement and matters related to it; and he admitted he had entered into the Plea Agreement freely, voluntarily, and without reservation, and that his desire to enter a plea of guilty was not the result of any threats or coercion. (*Id*., ¶ 29).

During the waiver of indictment and plea to information hearing held on March 26, 2021, Gonzagowski was sworn on oath and examined about the offenses. (ECF Nos. 22, 49). The Court asked Gonzagowski about his age and level of education; whether he was under the influence of alcohol or drugs; whether he understood what was happening in the proceeding; and, whether he

14

had reviewed the Information and charge with his lawyer. (ECF No. 49, pp. 4-6). Gonzagowski informed the Court that he was fully satisfied with the services, advice, and counsel provided to him by his court-appointed attorney. (*Id*., p. 6). The right to be charged in an Indictment returned by a Grand Jury was explained to Gonzagowski, and he stated his understanding and wish to waive that right. (*Id*., pp. 7-8). A written Waiver of an Indictment, signed by Gonzagowski and his counsel, was presented to the Court. (ECF No. 19). Gonzagowski confirmed that the written Plea Agreement had been explained to him; that he had read it and discussed it with his attorney before signing it; and that he understood the agreement. (*Id*., pp. 9, 11-12). He stated that nobody had in any way attempted to force him to plead guilty, and that he was entering a guilty plea freely and voluntarily because he was, in fact, guilty. (*Id*., p. 10). He also expressed his understanding of the possible consequences of his guilty plea, including a mandatory minimum term of imprisonment for 10 years and a maximum term of imprisonment for life. (*Id*., p. 13). He understood that the Court would not be able to determine the sentence in his case until after the United States Probation Office had prepared a pre-sentence investigation report, and that his sentence could be different than what his attorney estimated it to be. (*Id*., pp. 14-15).

Gonzagowski understood that he could persist in a plea of not guilty and go to trial, and that by pleading guilty he was giving up his constitutional trial rights. (*Id*., pp. 16-17). He confirmed that he reviewed and understood the admission of the factual basis in support of a guilty plea contained in the Plea Agreement. (*Id*., pp. 18-19). The AUSA recited the facts that could be proven by the Government if the case were to go to trial, including: that on one occasion Gonzagowski drove his minor victim from Mount Ida, Arkansas, to Oklahoma where the minor victim spent the night at Gonzagowski's residence; that during the overnight stay he used his hands to touch the inside and outside of the minor victim's vagina under her clothes; and that

Gonzagowski stipulated and agreed that he transported the minor victim in interstate commerce from Mount Ida, Arkansas to Oklahoma in September 2014 *with the intent to engage in sexual activity with the minor victim*. (*Id*., p. 19-21) (emphasis added). Gonzagowski acknowledged his understanding of those facts and admitted that the Government could prove those facts at trial. (*Id*., p. 21). His counsel also agreed that the Government could prove those facts at trial. (*Id*., p. 22). Gonzagowski then pleaded guilty to the one count Information. (*Id*.). The undersigned determined that Gonzagowski was fully competent and capable of entering an informed plea; that he was aware of the nature of the charge against him and the consequences of a guilty plea; and, that his guilty plea was knowing and voluntary and supported by an independent basis in fact containing all the essential elements of the offenses to which Gonzagowski was pleading guilty. (*Id*.).

Thus, the record undermines Gonzagowski's claim that his guilty plea was unknowing and involuntary. Nevertheless, he now asserts that he lacked proper understanding of the charge against him because his counsel failed to inform him of the scienter requirement for a conviction under 18 U.S.C. § 2423(a), and more specifically, his counsel failed to tell him that sexual activity that is "merely incidental to the trip" does not constitute the requisite intent. (ECF No. 62-1, p. 5).

Citing *United States v. Cole*, 262 F.3d 704, 709 (8th Cir. 2001), Gonzagowski recognizes, however, that the "illicit behavior" must only be "one of the purposes motivating … the interstate transportation," but it need not be the dominant purpose, and that the intent does not have to be formed prior to the interstate travel, so long as it was formed "before the conclusion of the interstate journey." (ECF No. 62-1, p. 5). Cole's argument that the prohibited sexual activity was only "incidental" to the interstate transportation was rejected by the Eighth Circuit, the court finding that Cole's intent "may be inferred from all the circumstances," and that the jury could easily have

16

found that Cole took the victim out of Arkansas with the intent, and for the purpose, of having illegal sexual relations with her.  *Id*.  It was noted that Cole had taken the victim away from her family on two occasions, during which time the two had sexual relations nearly every day; and that on one of those occasions, Cole took the victim out of Arkansas shortly after the relationship had been investigated by the Arkansas DHS, which the jury could have surmised was to facilitate the sexual relationship by getting away from the scrutiny and influence of the DHS and the victim's family.  *Id*.  The Eighth Circuit found that such evidence amply supported the conclusion that Cole intended to have sex with his minor victim, and transported her out of Arkansas for that purpose, and that sexual activity was not merely incidental to the trip.  *Id*.  Indeed, the intent, purpose and motive of an accused in transporting a victim across state lines may be established by circumstantial evidence, and "[t]he conduct of the parties within a reasonable time before and after the trip are circumstances which a jury may consider in determining such intent, motive or purpose. *Brooks v. United States*, 309 F.2d 580, 583 (8th Cir. 1962).

      Here, Gonzagowski does not even attempt to explain how the facts support a conclusion that engaging in illegal sexual activity with the minor victim – after he had taken her out of Arkansas to his residence in Oklahoma – was "only incidental" to the trip.  Vague and conclusory allegations are insufficient to state a ground for relief under 28 U.S.C. § 2255.  *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986); *see also Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory

allegations that failed to cite to the record insufficient to support claims of ineffective assistance of counsel).

Further, as in *Cole* and *Brooks*, had Gonzagowski chosen to proceed to trial, the jury could have considered that he had been sexually abusing his minor victim for several years, both in Arkansas and on the trip to Oklahoma in September 2014. Gonzagowski admitted in a post-*Miranda* interview that he touched the minor victim on her vagina on multiple occasions; that he engaged in sexual contact with her in various locations, including hotels in Arkansas; and that he touched her vagina during an overnight visit in Oklahoma after he had transported the minor victim and her sibling from Arkansas to Oklahoma. (ECF No. 23, ¶ 4(d)). From such admissions, a reasonable jury could have easily inferred that Gonzagowski formed the intent to engage in illegal sexual relations with the minor victim "before the conclusion of the interstate journey" to Oklahoma in September 2014.

Faced with insurmountable evidence of his involvement in the offense, and others[5], Gonzagowski knowingly and voluntarily decided to plead guilty to one count of Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a), as charged in the Information. Perhaps his reasons for doing so are best summarized in his Sentencing Memorandum, submitted to the Court at a time when he was seeking the Court's leniency at sentencing, which stated:

> "Mr. Gonzagowski recognizes that his crime is a very serious felony that involves the [sexual] abuse of a minor and he is ashamed and truly remorseful. This is why he declined his right to a jury trial and pled guilty to an Information. Because he

---

5 The PSR also reflects conduct that could have resulted in additional charges, notably that a sampling review of the video portion of the external hard drive seized from Gonzagowski revealed several child erotica videos, as well as 105 videos that contained child pornography. (ECF No. 29, ¶ 49). The Plea Agreement provided that no other federal charges stemming from the activities described in the Information would be brought against Gonzagowski in the Western District of Arkansas. (ECF No. 23, ¶ 16).

did not want to revictimize the minor victim, he did not require the Government to present the information to a grand jury and prepare for a trial that would require testimony from the minor victim." (ECF No. 41, p. 3).

That decision represented a voluntary and intelligent choice among the alternative courses of action open to him, and it underscores the validity of Gonzagowski's guilty plea. *See Alford*, 400 U.S. at 31. Gonzagowski's claim of ineffective assistance of counsel for failing to properly inform him of the intent required to support a conviction under 18 U.S.C. § 2423(a) has no merit and should be dismissed.

### III.     NO EVIDENTIARY HEARING IS WARRANTED

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Such are the circumstances here where the record conclusively shows that Gonzagowski is entitled to no relief.

### IV.     NO CERTIFICATE OF APPEALABILITY IS WARRANTED

A Certificate of Appealability may issue under 28 U.S.C. § 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case. *Slack v. McDaniel*, 529 U.S. 473 (2000). Gonzagowski has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### V.     CONCLUSION

For the reasons and upon the authorities discussed above, Gonzagowski's sole ground for

relief finds no support in the record, and his § 2255 motion is subject to summary dismissal.

It is, therefore, recommended that Gonzagowski's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 62) be **DISMISSED with PREJUDICE**.  It is further recommended that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2024.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE